Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 26, 2011, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, sentencing him to concurrent terms of three years and 3V2 years respectively, and ordering forfeiture of $34,505, affirmed.
At sentencing, defendant and the People executed, and the court so-ordered, a stipulation wherein defendant agreed to forfeit, pursuant to CPL 220.50 (6), the sum of $34,505 seized at the time of his arrest on drug charges. The stipulation bore the criminal caption “THE PEOPLE OF THE STATE OF NEW YORK v Ruben Burgos, Defendant.” After the stipulation was executed, the court sentenced defendant to the promised term of imprisonment. Defendant now appeals from the judgment of conviction seeking to vacate the forfeiture stipulation.
At the outset, we reject the People’s contention, adopted by the dissent, that this appeal is not properly before us because the forfeiture was not part of the judgment of conviction. Pursuant to Penal Law § 60.30, a court has the authority to order a forfeiture of property, and any order exercising that authority “may be included as part of the judgment of conviction.” In People v Detres-Perez (127 AD3d 535 [1st Dept 2015]), relying on Penal Law § 60.30, this Court recently found that a forfeiture agreement was part of the judgment of conviction and thus reviewable on the appeal from the judgment. Likewise here, the court’s so-ordering of the stipulation at the time of sentencing rendered it part of the judgment of conviction and reviewable on this appeal as of right (see CPL 450.10). Contrary to the dissent’s position, we do not conclude that Penal Law § 60.30 authorizes the inclusion of forfeiture as part of a de *628 fendant’s sentence. Rather, that provision allows a court to order forfeiture as a separate component of the judgment of conviction (see People v Carmichael, 123 AD3d 1053, 1053 [2d Dept 2014] [although “not an authorized component of a criminal sentence [,]” “an order of forfeiture pursuant to a valid settlement of a civil forfeiture claim may be included as part of the judgment of conviction”]). The dissent fails to convincingly distinguish this Court’s recent precedent in Detres-Perez and the Second Department’s decision in Carmichael. The cases relied upon by the dissent do not require us to hold that defendant’s challenge is not reviewable on this appeal. In People v Smith (15 NY3d 669 [2010]), the Court found that the registration requirements of New York City’s Gun Offender Registration Act (GORA) were not part of the defendant’s sentence or otherwise subsumed within the judgment of conviction (id. at 673). In reaching that conclusion, the Court reasoned that neither the Penal Law nor the Criminal Procedure Law authorizes a sentencing court to impose GORA registration (id.). Here, in contrast, Penal Law § 60.30 explicitly authorizes the inclusion of a forfeiture order as part of the judgment of conviction. Nor does People v Abruzzese (30 AD3d 219 [1st Dept 2006], lv denied 7 NY3d 784 [2006]) require a different result. Unlike Abruzzese, where the sentencing court did not order any forfeiture, the court here explicitly so-ordered the forfeiture stipulation at the time the sentence was pronounced. Finally, the omission of the forfeiture order from the sentence and commitment sheet does not render the order unreviewable since a forfeiture, although not a component of a criminal sentence, can nevertheless be part of the judgment of conviction (see People v Carmichael, 123 AD3d at 1053; Penal Law § 60.30).
The appeal being properly before us, the judgment of conviction should be affirmed. At sentencing, defendant did not raise any of his current appellate challenges to the stipulation, seek to withdraw his plea, or otherwise express any unwillingness to proceed with sentencing if forfeiture was a condition of the plea. Thus, defendant’s claims are unpreserved (see People v Detres-Perez, 127 AD3d at 535), and we decline to reach them in the interest of justice.
As an alternative holding, we reject the claims on the merits. Defendant contends that the forfeiture stipulation is not enforceable because the procedures set forth in Penal Law § 480.10 were not followed. The stipulation makes clear, however, that the forfeiture was governed by CPL 220.50, not Penal Law § 480.10 (see People v Rodriguez, 123 AD3d 631 [1st *629 Dept 2014]). Any failure to strictly adhere to the procedures set forth in CPL 220.20 would not be a basis for reversal here in light of defendant’s acknowledgment, in the stipulation, that he agreed to forfeit the money as a condition of his plea. Contrary to defendant’s contention, there is no basis to conclude that the court coerced him to execute the stipulation, or that the stipulation was not otherwise entered into knowingly and voluntarily. Nor is there any showing that the court specifically required defendant to execute the stipulation before sentencing.
Concur — Acosta, J.P., Saxe and Richter, JJ.